May it please the court. Steve Sadie for Mr. Lewis. With the court's permission I'd like to reserve two minutes for rebuttal. You may. Although not jurisdictionally required, the district court certified two questions regarding the state escape hatch of 28 U.S.C. section 2255E. Whether Mr. Lewis never had an unobstructed opportunity to present his barrage claim and whether that barrage claim was retroactive. In the judgment, the district court added to the question about whether the barrage, if retroactive, applied beyond the Controlled Substances Act. The court should answer all these questions in the affirmative and remand for the evidentiary hearing that Mr. Lewis requested in his petition. The government's Rule 28J concession that barrage applies retroactively under the Controlled Substances Act answers both the second question and the first question as well by implication. Mr. Lewis filed in the Second Circuit under the statute for second and successive petitions and was denied based on the assumption that barrage was a procedural, not a substantive decision. Under Allen of this court, substantive changes in law are not cognizable under the second and successive petitions statute. Mr. Lewis' effort in the Second Circuit was not only not cognizable, but also based on a fundamental error that it was a procedural decision in barrage, which the government now acknowledges was incorrect. Then in the Eleventh Circuit, the court denied relief again based on the Second Circuit opinion. So again, they reiterated the error that was made in the Second Circuit, treating it as barrage as a procedural rule of constitutional criminal procedure, not as a substantive rule. Can you explain to me how he's filing all of these in the different areas? And they are all 2255s, right? He filed trying to file a second and successive petition in the Second Circuit. It's not cognizable because it's a substantive change, not a constitutional rule. In the Eleventh Circuit, he had to file under 2241 in the district of his custody, and that's where they recapitulated the same error that was made in the Second Circuit. So then when he was incarcerated in Oregon, again, he files under 2241, just as there were successive 2241 amelia. But so couldn't the court also determine this jurisdictional issue first to determine whether or not the court here should have even looked at it and not the courts where he was convicted? The question before the district court in Oregon was exactly the threshold jurisdictional question under amelia, which is, was there an unobstructed procedural shot? And did the law change in any way material to the claim? That's why the district court failed to follow this court's ruling in amelia by not ruling on the barrage question. Now we have a concession that barrage is a substantive rule. So we know that the second one is fulfilled. And that tells us also that the first circumstance. So we now have jurisdiction. And the question then goes for a remand to the merits. Let me make sure I understand, though. Of course, the difference in Amelio is you did or he did have these two different opportunities. But what I'm trying to understand is simply he had the opportunity in two different courts to present his issue. But you're just saying because those courts are wrong, that that somehow erases his undertaking there and we start over in Oregon. There are two ways of looking at it. The second circuit case not only did not provide a procedural mechanism because the statute does not cover substantive changes, only constitutional changes. So it was two things that made it unobstructed. It wasn't the right mechanism. And they made this fundamental error that the government now concedes. That error then gets recapitulated where it's brought in as a 2241 in Florida. And they say, no, it's frivolous. Even though the government has conceded that it's right, that it is retroactive, they said, no, you're frivolous and didn't even let him proceed in the Court of Appeals. So he's never had an unobstructed opportunity to litigate these issues. But the obstruction, he's been raising it and having it rejected. He has had the ability to raise it in all of these courts, right? He hasn't had an unobstructed opportunity to present it because the Second Circuit, he just wasn't even cognizable. And the court made such a fundamental mistake that now we have four published circuit court opinions saying that it's substantive. And they said, no, it's procedural. And now the government here concedes that it's substantive. So he never had a procedural shot in the Second Circuit. And the 11th Circuit just depended on the Second Circuit's incorrect decision and treated it as frivolous. So he couldn't possibly have had a fair opportunity to litigate, to present his claims, because they wouldn't listen. They said it was frivolous. Excuse me, I have a question. In a sentence or two, tell us what the basis for your client's claim of actual innocence. At trial and in the government's statements at the district court level and before this court, they are using a contributes to theory of causation. Barrage requires a but-for causation. And so under the circumstances of this case, where we have absolute evidence at trial that the person was shot, yes, but did not have anything that struck his vital organs. The doctor said they expected him to survive. And so instead of looking at the whole question of was it but-for causation for the death, that was not fairly litigated in the trial court. And with this evidence, it was not the but-for causation. The government's position at the trial also was basically he shot him. He had to get medical treatment as a result of being shot. Therefore, it's causation. That's the contributes to that Barrage specifically rejected on both vagueness types of grounds, the basis for criminal culpability, and that whether it's narrowing criminal responsibility, that's still something that should be part of the statutory construction. Barrage itself was a controlled substance case? Yes, it was under 21 U.S.C. 841. Has any court extended it to a situation like this? This court has looked to Barrage for its reasoning in cases involving both the sentencing guidelines on causation, as well as in Vance Crookedarm about feathers and whether the rule of lenity should apply under that context in light of Barrage. So yes, it has been applied. But I think that the basic rule on the extent of precedent is from Miller v. Gammy, this court's en banc decision, that says it's not just the narrow holding of courts, it is their reasoning and mode of analysis. And here, the reasoning and mode of analysis would require causation to be but-for, not contributes to. And with the court's permission, I'll reserve the remaining time. Thank you. May it please the court, Amy Potter on behalf of the warden. What Mr. Lewis is asking is for this court to take the Barrage decision, which is retroactive to the Controlled Substances Act, and find that any defendant convicted in any court that has a conviction related to causation now has a chance for a 2241 under Barrage. And that's simply not the case. Mr. Lewis was convicted of a RICO case involving an underlying New York state murder. And New York has already told us that the Barrage standard is not the standard for murder in New York. And not only have the New York courts told us that, but the Southern District of New York has told us that in 2017, when Mr. Lewis's co-defendant requested Brady material related to the doctor's malpractice. This court should not use a 2241, a second 2241, to rewrite New York state law regarding murder. Because Barrage simply does not apply. Stepping back to Mr. Sadie's claim regarding the Certificate of Appeal. Can I ask a question about this? Shouldn't all of this then originally in a 2255, and when the law changed, if it was applicable to him, then he would file for the successive petition, and then that's the ruling he got. Doesn't this look like a kind of forum shopping, going around the edge to use 2241 as a vehicle to get before a different court? Absolutely, Your Honor. And we made that point in the brief. We can't just have people moving from institution to institution and trying again and again. He's raised this in the Second Circuit. The Second Circuit has said no. Barrage is not a constitutional decision. And he should be stopped. Certainly, if he got a bite at the apple, he got it in the Eleventh Circuit. When he asked in the Eleventh Circuit, and they said no. And again, Mr. Sadie refers to it as a fundamental error, but it's not a fundamental error. Because Barrage is not retroactive to this case. It may be retroactive to defendants who are convicted under the Criminal Substance Act. We should have been clearer about that. We filed the 28-J to make that clear to the court. But we are not and have never said that it's retroactive to a New York State murder conviction that underlies a RICO case. That's simply not up. And the court has never gone so far to hold that. And to be clear, it's not just that it's never been held to apply to New York law. It's not only that. It's also that it's never been held to apply retroactively to New York State law. And again, the New York courts confronted the Barrage issue and said, nope, that language is not in the New York State statute. And in Davis in 2016, the New York courts set out what the standard is for murder. Were defendants' actions actually contributory to the cause of death, in the sense that they forged a link in the chain of causes that brought about death, and the fatal result was reasonably foreseeable. Of course, this fatal result was reasonably foreseeable. Mr. Lewis accepted $10,000 to kill a man. He shot him five or six times. He went to the hospital, and he there died. That link, the link is Mr. Lewis. It's Mr. Lewis shooting the victim that's sent into the hospital where he dies. And Mr. Lewis got the result he wanted. He told, there's evidence in the record, that he said, gosh, if he hadn't died, that'd be terrible. I'd be on the run right now. Because he was murdering someone to improve his standing in this mafia pamphlet. There's no fundamental miscarriage of justice here. There's no fundamental mistake by any court. This is a claim that's being raised by Mr. Lewis. It's also being raised by his co-defendants that has been repeatedly rejected. And this court should make clear to Mr. Lewis that this is the last stop. Barrage does not apply to this case. It's not applicable to the New York State murder law. And he is no longer permitted to keep filing these claims. Because the next time he moves, he's going to try again. And that's precisely what the general notion of the abuse of writ is about. We cannot allow people to continue to try and challenge their convictions every time they can find a new court that might hear them. We certainly can't allow them to do it by citing a Supreme Court case that has nothing to do with their underlying conviction, simply to invoke 2241 jurisdiction. What Mr. Lewis wants to do is rewrite New York law. He wants another trial where he can say, New York, you are wrong. This is not how you should implement your murder conviction. Let me try again. Let me see if the District of Oregon will find New York laws wrong. And that's not what this is for. That is not what 2241 is for. And the Supreme Court did not tell New York it was wrong about proximate cause when it decided Barrage. The judgment of the District Court should be affirmed, and his 2241 should be dismissed, unless the court has any further questions. It appears it's not. Mr. Sadie? Your Honor, the 2255 second and successive petition has never been available for him to bring a 2255 because it is a substantive offense, not a ruling involving constitutional criminal procedure. We're talking about a federal statute. Ms. Potter talks about state law. This is a federal statute that the Supreme Court has talked about an essential part of every statute involving murder, which is, did it cause? And the question is, and we just heard a perfect articulation of the contributes to that the Supreme Court absolutely rejected in Barrage. This is a but-for causation, and there was not but-for causation. But we're also right at the threshold. The court is making a determination whether he gets to have the evidentiary hearing that he requested with the assistance of counsel, which he has never had. And the question for the court are the questions that were certified, and all those answers, he's never had an unobstructed procedural opportunity. It is retroactive. And part of the total unfairness of this is that the government has been calling this a procedural issue. The government has been squishy about whether it's a substantive issue until two days before oral argument. That has been, how is the pro se litigant supposed to be fairly heard when those are the circumstances in the prior litigation? Under those circumstances, this court should simply respond exactly to what the judge asked. The answer is that he never had a fair chance under Amelio. He's, the courts, the government has never asserted abuse of the writ, and it certainly didn't happen here, but we certainly, but it's been waived. And right now, all he wants is a chance to be heard and get to the absolute litigation, both on the law and the facts of this case, in front of a fair judge, the district court judge. The district judge, by certifying those questions, has indicated the willingness to hear the case if there is jurisdiction. There is certainly jurisdiction. He's only filing where he has to file, where the government has sent him. Under 2241, he has no option but to file where he's in custody. Thank you. Thank you, Your Honor. Thank both counsel for your argument this morning. The case just argued, Lewis versus Salazar is submitted, and we'll next hear argument in United States versus Morrell-Pineda.
judges: Hawkins, McKeown, Kendall